Samuel C. Kauffman, OSB #94352
Telephone: 503 228-3939
Fax: 503 226-0259
E-Mail: skauffman@gsblaw.com
Garvey Schubert Barer
Eleventh Floor
121 S.W. Morrison Street
Portland, Oregon 97204-3141

    Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FINGER LAKES INTERNATIONAL, INC.,<br>a Successor Corporation.<br><br>    Defendant. | Case No. 06- 286-MO<br><br>PETITION TO ENTER PLEA OF GUILTY; CERTIFICATE OF COUNSEL; ORDER ENTERING PLEA |

The defendant represents to the court:

1. My name is Geordie Duckler; I am the authorized Corporate Representative for Finger Lakes International, Inc. ("the Corporation"). I am 48 years old. I have gone to school up to and including obtaining a J.D. and PhD.

2. The Corporation's attorney is Samuel C. Kauffman.

3. The Corporation's attorney and I have discussed the Corporation's case fully. I have received a copy of the Information. I have read the Information, and I have discussed it

with the Corporation's attorney. The Corporation's attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that the Corporation might have in this case. I have been advised and understand that the elements of the charge(s) alleged against the Corporation to which the Corporation is pleading "GUILTY" are as follows:

*The government must prove that the Corporation received, carry transported or shipped endangered wildlife in interstate commerce in the course of commercial activity (16 USC §1538(a)(1)(E)).*

4.  I know that if the Corporation pleads "GUILTY," I, as the designated corporate representative, will have to answer any questions that the judge asks about the offense to which the Corporation is pleading guilty. I also know that if I answer falsely, under oath, and in the presence of the Corporation's attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.  I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason except as follows:

*None*

I have not taken any drugs or medications within the past seven (7) days except as follows:

*None*

6.  I know that the Corporation may plead "NOT GUILTY" to any crime charged against it and that it may persist in that plea if it has already been made. I know that if the Corporation pleads "NOT GUILTY" the Constitution guarantees it:

    a.  The right to a speedy and public trial by jury, during which the Corporation will be presumed to be innocent unless and until it is proven guilty by the government beyond a reasonable doubt and by the unanimous vote of 12 jurors;

/////

        b.      The right to have the assistance of an attorney at all stages of the proceedings;

        c.      The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in its favor;

        d.      The right to see, hear, confront, and cross-examine all witnesses called to testify against the Corporation;

        e.      The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

        f.      The right not to be compelled to incriminate myself.

        7.      I know that if the Corporation pleads "GUILTY" there will be no trial before either a judge or a jury, and that it will not be able to appeal from the judge's denial of any pretrial motions it may have filed concerning matters or issues not related to the court's jurisdiction.

        8.      In this case the Corporation is pleading "GUILTY" under Rule 11(c)(1)(B). The Corporation's attorney has explained the effect of the Corporation's plea under Rule 11(c)(1)(B) to be as follows:

The Corporation's plea of guilty is under Rule 11(c)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected the Corporation to receive under the terms of its Plea Agreement with the prosecutor, the Corporation does not have a right to withdraw its plea.

/////

9. I know the maximum sentence which can be imposed upon the Corporation for the crime(s) to which it is pleading guilty is a fine of $200,000. I also know there is no mandatory minimum sentence.

10. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $125.00 per count of conviction.

11. I know that if the Corporation is ordered to pay a fine, and it willfully refuses to pay that fine, the Corporation can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge.

12. The Corporation's attorney has discussed with me the Federal Sentencing Guidelines. I know that the Federal Sentencing Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including but not limited to: the nature and circumstance of the offense, the Corporation's history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range establish by the advisory Guidelines. If my attorney or any other person has calculated a Guideline range for me, I know that this is only advisory, and is only one of the factors that the judge will consider in making a final decision as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in Paragraph 10, above.

13. I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which the Corporation pleads guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20)

years from the date of the entry of judgment. If the Corporation willfully refuses to pay restitution as ordered, a judge may resentence the Corporation to any sentence which could originally have been imposed.

14. On any fine or restitution in an amount of $2,500 or more, I know that the Corporation will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

15. If the Corporation has another case pending in any state or federal court, I know that the Corporation's Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to its other case(s), and that it can be faced with consecutive sentences.

16. The Corporation's plea of "GUILTY" is based on a Plea Agreement that it has made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

17. The Plea Agreement contains the only agreement between the United States government and the Corporation. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that the Corporation will receive a lesser sentence, or any other form of leniency if it pleads "GUILTY" except as stated in the Plea Agreement. I understand that the Corporation cannot rely on any promise or suggestion made to it by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of the Corporation's plea of guilty.

18. The Corporation's plea of "GUILTY" is not the result of force, threat, or intimidation.

19. I hereby request that the judge accept the Corporation's plea of "GUILTY" to the following count(s): Count One of the Superseding Misdemeanor Information.

20. I know that the judge must be satisfied that a crime occurred and that the Corporation committed that crime before the Corporation's plea of "GUILTY" can be accepted. With respect to the charge to which the Corporation is pleading guilty, I represent that the Corporation did the following acts and that the following facts are true:

On or about April 12, 2002, Glenn Donnelly, did knowingly receive in interstate commerce an endangered species, namely two ocelots, which he obtained in Oregon and received in New York following shipment in the course of commercial activity.

At the time of the above incident, Glen Donnelly was operating, in part, on behalf of Dirt Motorsports.

The defendant Corporation, Finger Lakes International, is the successor in interest to Dirt Motorsports for purposes of this purchase.

21. I offer the Corporation's plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me, with the assistance of my attorney, after reading all of the foregoing pages and paragraphs of this Petition on this 13th day of September, 2007.

Finger Lakes International, Inc, Defendant
By: Geordie Duckler, authorized Corporate Representitive

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Finger Lakes International, Inc., hereby certifies:

1. I have fully explained to my client the allegations contained in the Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition to Enter Plea of Guilty and Order Entering Plea, explained all its provisions to my client, and discussed fully with William Newton all matters described and referred to in the Petition.

3. I have explained to my client the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to my client the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the Corporation's plea of "GUILTY."

SIGNED by me in the presence of my client's authorized representative, and after full discussion with Glenn Donnelly, President of Fingerlakes International of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this _13_ day of September, 2007.

_____
Samuel C. Kauffman, OSB #94352
Attorney for Defendant

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 14th of September, 2007, in open court.

_____
Honorable Michael W. Mosman
Judge, U.S. District Court

PDX_DOCS:399839.1

# EXHIBIT A

# PLEA AGREEMENT

United States

v.

Finger Lakes International, Inc,

UCDC Oregon
Case No. 06-286-MO



U.S. Department of Justice
Karin J. Immergut
United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Office: (503)727-1034
Fax: (503) 727-1117
Amy.potter@usdoj.gov

July 6, 2007

Samuel C. Kauffman
Garvey Schubert Barer
Eleventh Floor
121 SW Morrison Street
Portland, OR 97204
Tel.: (503) 228-3939
Fax: (503) 226-0259

**RECEIVED**

JUL 1 0 2007

GARVEY SCHUBERT BARER

Re: U.S. v. Glenn Donnelly
CR 06-286

Dear Counsel:

The United States Attorney's Office (USAO) proposes that this matter be resolved as follows:[1]

1. Your client, Glen Donnelly, is currently charged in a three count Indictment with violations of the Endangered Species Act and Lacey Act, and making False Statements. These charges arise out of the purchase and transportation of two ocelots from Oregon to New York. At least part of the proceeds for the ocelots were paid by Dirt Motorsports, a company run by your client. In order to resolve this matter, your client, Finger Lakes International, Inc (the "defendant" or "Finger Lakes"), a successor in interest to Dirt Motorsports, through its authorized representative, agrees to plead guilty to a Superseding Information attached hereto as Exhibit A. The Information charges Finger Lakes International, Inc. with one count of unlawfully receiving, carrying, transporting, and shipping in interstate commerce an endangered species, namely, two ocelots which he obtained in Oregon and transported to New York, in the course of commercial activity, in violation of the Endangered Species Act, Title 16, United States Code, Sections 1538(a)(1)(E) and 1540(b)(1). Upon plea and sentencing in this matter, the USAO will dismiss the indictment against Glen Donnelly.

2. Count One of the Superseding Information carries a maximum penalty of a fine of $200,000 or twice the pecuniary gain derived from the crime, a term of probation of up to five years,

---

[1] This plea agreement is between this United States Attorney's Office and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any other charges other than those specifically mentioned herein.

*Donnelly Plea Letter*
Page 1

and a $125 special fee assessment. The defendant agrees to pay the special assessment prior to sentencing.

    3.    The defendant agrees that

(A) On or about April 12, 2002, Glenn Donnelly, did knowingly, intentionally and unlawfully receive, transport, and ship in interstate commerce an endangered species, namely, two ocelots which he obtained in Oregon and transported to New York, in the course of commercial activity, in violation of Title 16, United States Code, Sections 1538(a)(1)(E) and 1540(b)(1).

(B) At the time of the above incident, Donnelly was operating, in part, on behalf of Dirt Motorsports.

(C) Defendant is the successor in interest of Dirt Motorsports for purposes of this purchase.

    4.    Sentencing Agreement. The parties do not agree on the amount of the monetary penalty in this matter. Defendant asserts that $20,000 is the appropriate penalty. The USAO asserts that the penalty should be $40,000 in this matter. Both parties reserve the right to argue for their proposed penalty, but the defendant may not argue for a fine lower than $20,000 and the USAO may not argue for a fine greater than $40,000. Regardless of the final determination of the amount of monetary penalty (which is in addition to the mandatory special assessment), the parties agree to recommend that the sentence should be imposed as follows:

(A) <u>Fine</u>. Defendant shall pay a total aggregate criminal fine in the amount of half of the total monetary penalty.

(B) <u>Mandatory Special Assessment</u>. Defendant shall pay a special assessment of $125.

(C) <u>Community Service</u>. Defendant shall make an organizational community service payment in the amount of half of the total monetary penalty pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a). Accordingly, defendant shall make a payment of half the monetary penalty to the Endangered Species Justice Fund, established by the Oregon Zoo. The Endangered Species Justice Fund makes grants to programs that work to protect and support endangered and threatened species, as well as programs which work to combat illegal trafficking and sale of endangered and threatened species.

Because the community service payments are designated as community service by an organization, defendant further agrees that it will not seek any reduction in their tax obligations as a result of these community service payments. In addition, since these payments constitute community service, defendant will not characterize, publicize or refer to these community service payments as voluntary donations or contributions.

*Donnelly Plea Letter*
Page 2

(D) <u>Payments</u>. Defendant further agrees that if the Court imposes sentence in accordance with the terms of this agreement, the monetary penalties, including the fines, community service, and special assessments, shall be paid on the day of sentencing.

(E) <u>Probation</u>. Finger Lakes International, Inc will be placed on organizational probation for a period of 18 months, pursuant to USSG §§ 8D1.1 and 8D1.2. The terms of the probation shall be:

    (1) <u>No Further Violations</u>. Finger Lakes International, Inc. agrees that it shall commit no further violations of federal, state or local law, and shall conduct all its operations in accordance with all environmental and wildlife statutes and regulations.

    (2) <u>Right of Entry and Search</u>: In order to ensure future compliance with environmental statutes, the U.S. Fish and Wildlife Service and National Marine Fishery Service shall have the right to enter and search any facility owned or operated by Finger Lakes International, Inc., or any successor or subsidiary corporation, without prior notice and without cause, so long as the entry, inspection and search do not cause unreasonable disruption of operations.

5. No statements made by the defendant after the execution of this agreement will be used against the defendant except as provided below:

    (A) the defendant's statements may be used against the defendant for impeachment, and may be used by the USAO in its case-in-chief if the defendant is prosecuted for perjury or making false statements during any deposition, grand jury or trial.

    (B) the defendant's statements may be used in any way if the defendant breaches this agreement, or if the defendant fails in any way to provide complete, truthful and accurate information.

6. In return for his full and complete cooperation as outlined in the terms of this agreement, the USAO will agree to

    (A) recommend the sentence set forth in paragraph 4 above;

    (B) Bring no further criminal charges against the defendant or Glenn Donnelly for their heretofore disclosed role in illegal purchase of two ocelots in violation of the Endangered Species Act (16 U.S.C. § 1538) or other statutes.

7. Defendant knowingly, intelligently, and voluntarily waives its right to appeal its conviction in this case. Defendant similarly knowingly, intelligently, and voluntarily waives its right to appeal the sentence imposed by the court, provided the court's sentence does not exceed the maximum penalty contemplated herein. In addition, defendant knowingly, intelligently, and

voluntarily waives its right to bring a collateral challenge pursuant to 28 U.S.C. § 2255, against either its conviction, or the sentence imposed in this case, except for a claim of ineffective assistance of counsel. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn.

8. This is the full agreement of the parties, and no further agreement should be inferred unless agreed to in writing.

Please discuss this proposed resolution with your client. This offer remains open until July 30, 2007, at which time it is revoked.

Very truly yours,

KARIN J. IMMERGUT
United States Attorney

by: _____
AMY A. POTTER
Assistant United States Attorney

## Acceptance of Plea Agreement

I HAVE READ THIS AGREEMENT CAREFULLY AND REVIEWED EVERY PART OF IT WITH MY ATTORNEY. I UNDERSTAND AND VOLUNTARILY AGREE TO IT AS OUTLINED ABOVE. I AM PLEADING GUILTY BECAUSE I AM GUILTY.

DATE: 7/14/07

*[signature]*
Glenn Donnelly on behalf of
FINGER LAKES INTERNATIONAL, INC.
DEFENDANT

I REPRESENT DEFENDANT FINGER LAKES INTERNATIONAL, INC. AS ITS LEGAL COUNSEL. I HAVE CAREFULLY REVIEWED EVERY PART OF THIS AGREEMENT WITH DEFENDANT.* TO MY KNOWLEDGE ITS DECISION TO ENTER INTO THIS AGREEMENT IS AN INFORMED AND VOLUNTARY ONE. I RECOMMEND THAT THE COURT ACCEPT AND FOLLOW THE AGREEMENT.

DATE: 7/25/07

*[signature]*
COUNSEL FOR DEFENDANT

\* over the telephone and with the assistance of counsel in New York. see

# EXHIBIT B

# AUTHORIZATION OF AUTHORITY ISSUED BY CHIEF EXECUTIVE OFFICER OF FINGER LAKES INTERNATIONAL, INC.

United States

v.

Finger Lakes International, Inc,

UCDC Oregon
Case No. 06-286-MO

# AUTHORIZATION OF AUTHORITY
## ISSUED BY THE CHIEF EXECUTIVE OFFICER
## OF
## FINGER LAKES INTERNATIONAL INC.

I, GLENN A. DONNELLY, the undersigned, am the duly elected Chief Executive Officer of Finger Lakes International Inc., a New York corporation ("Corporation"). The Corporation has been charged with a misdemeanor violation of the Endangered Species Act, Title 16, United States Code, Sections 1538(a)(1)(E) and 1540(b)(1), described more fully in the Plea Agreement attached hereto as Exhibit A and incorporated herein by reference (the "Charge"). I have reviewed the Charge and understand it and its consequences regarding the Corporation.

Pursuant to the authority vested in me by the Bylaws of the Corporation and the laws of the State of New York, I hereby delegate to Geordie Duckler, of the law firm of Geordie Duckler, P.C., all power, right and authorization to do all things necessary, appropriate, and desirable to negotiate and execute a plea agreement on behalf of the Corporation and represent the Corporation before the United States District Court in Oregon in all proceedings regarding the Charge, including but not limited to the entering of the plea as defined in the Plea Agreement. The authority granted to Geordie Duckler shall be broadly construed.

IN WITNESS WHEREOF, the undersigned has executed this Authorization of Authority on this _11_ day of _September_, 2007.

_____
GLENN A. DONNELLY
Chief Executive Officer